IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHELLY J. BUTRYMOICZ                                    PLAINTIFF

V.                                NO. 14-5345

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Shelly J. Butrymoicz, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.  Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on March 25, 2012, alleging an inability to work since October 31, 2011, due to uncontrollable bladder and colon, diabetes, depression, chronic migraines, back damage, high blood pressure, neuropathy, shingles, and gout. (Tr. 171-183, 202, 206). An administrative hearing was held on April 13, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 36-67).

By written decision dated September 13, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

degenerative disc disease, diabetes, neuropathy, obesity, and affective disorder. (Tr. 18). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally climb, balance, crawl, kneel, stoop, and crouch. The claimant can perform simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed and can work under supervision that is simple, direct, and concrete.

(Tr. 21). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any past relevant work, but there were other jobs Plaintiff would be able to perform, such as content inspector, fishing float assembler, and warehouse checker. (Tr. 25-26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 4, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10-12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a

reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the

3

impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.    Discussion:

The Court believes the ALJ failed to properly address the findings of some of Plaintiff's treating or examining physicians and give appropriate weight to their opinions. The record reveals that on April 22, 2012, one of Plaintiff's treating physicians, Dr. Daryl Lancaster, reported that he had been treating Plaintiff since the summer of 2000, and had been suggesting Plaintiff apply for disability since 2008, and that due to diabetes mellitus and neuropathy in her legs and feet, she had a difficult time with locomotion and gait control and had developed incontinence. (Tr.352).  He also reported that a rotator cuff tear was confirmed, along with cervical spine degenerative disc disease.  (Tr. 354).  Dr. Lancaster wrote a letter dated July 4, 2012, wherein he noted that Plaintiff had brought him some x-rays including a c-spine, left shoulder, and lumbar spine series, and he requested that a further review of the films by an independent radiologist be conducted because there were several questionable statements in the report. (Tr. 250).  In his decision, the ALJ reported Dr. Lancaster's findings, but failed to indicate what weight, if any, he gave to his opinion and the reasons for such weight.

On June 14, 2012, Dr. Karas, of Karas Urgent Care, performed a general physical examination of Plaintiff. (Tr. 371).  He found that Plaintiff had 4/5 muscle strength in her

4

lower extremities bilaterally; generalized muscle atrophy; numbness in her lower extremities bilaterally; and poor balance. (Tr. 386). Dr. Karas concluded that Plaintiff had moderate to severe limitations with walking, standing, and carrying. (Tr. 387). In his decision, the ALJ stated that Dr. Karas did not quantify what he meant with function-by-function limitations, "thus the undersigned accords this opinion little weight." (Tr. 23).

The ALJ then proceeded to discuss the other medical evidence, and gave great weight to the opinions of the non-examining State Agency physician, Jonathan Norcross, M.D., and psychological consultant, Abesie Kelly, Ph.D., regarding Plaintiff's physical and mental limitations. (Tr. 24-25). The ALJ also gave great weight to the opinion of Dr. Adams, who conducted a Mental Diagnostic Examination of Plaintiff on October 4, 2012. (Tr. 425).

The Court does not believe the ALJ fully developed Plaintiff's physical limitations. Plaintiff testified that she used a walker in her home, and the records are consistent with this statement. The ALJ stated that it was not prescribed by any physician. (Tr. 24). However, in her Function Report – Adult- dated April 1, 2012, Plaintiff reported that a walker was prescribed for her in November 2002, after her last back surgery. (Tr. 224). In addition, the MRI of Plaintiff's thoracic spine and the MRI of Plaintiff's lumbar spine, taken in January of 2013, revealed the following:

Thoracic Spine:

1. T6 posterior body bulge, which may represent osteophyte of the posterior body versus an extruded disc and presses on the anterior spinal cord without spinal canal stenosis.

2. T9-T10 disc bulge impresses on the anterior spinal cord without spinal canal stenosis

3. T11-T12 and T12-L1 disc bulges without spinal or foraminal canal

Lumbar Spine:

5

1. Multilevel disc bulges and apophyseal joint hypertrophy of the lumbar spine, as described above.

2. L2-L3 large disc bulge and moderate apophyseal joint hypertrophy cause mild to moderate spinal canal and foraminal stenosis

3. L4-L5 operative changes cause artifact at this level.

(Tr. 448-454). Clearly, Plaintiff has some medically documented evidence indicating some relatively significant back issues, and after considering the entire record, the Court believes this matter should be remanded in order for the ALJ to obtain a more recent Physical RFC Assessment. The ALJ should address what weight he gives Dr. Lancaster's opinion and the reasons for such weight. The ALJ should also submit interrogatories to Dr. Karas, asking him to quantify what he meant with function-by-function limitations. Once this information is received, the ALJ should then re-evaluate the Plaintiff's RFC.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 17th day of December, 2015.

*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE